IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALFRED HENDERSON, | § | |
| TDCJ #714885, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-3254 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

State inmate Alfred Henderson (TDCJ #714885) has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging a state court conviction. The respondent has filed a motion for summary judgment [Doc. # 27], arguing that the petition must be dismissed. Henderson has filed a response. After considering all of the pleadings, the state court records, and the applicable law, the Court **denies** the respondent's motion for reasons set forth below.

## I.     BACKGROUND

Henderson is currently incarcerated by the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") as the result of two 1993 convictions for robbery in Harris County cause numbers 676249 and 677968.

Henderson received a 25-year prison sentence in each case.[1]

While he was on parole in 2010, Henderson was charged with robbery with bodily injury in Harris County cause number 1286281.[2]  Pursuant to a written plea agreement, the 177th District Court for Harris County, Texas, found Henderson guilty on November 28, 2012, and sentenced him to a two-year term of imprisonment with credit for time served to run concurrently with the sentences that he received previously in Harris County cause numbers 676249 and 677968.[3]  As the result of Henderson's conviction in cause number 1286281, his parole was revoked.[4]

On December 19, 2012, Henderson filed an application for a state writ of habeas corpus to challenge his 2012 robbery conviction in cause number 1286281.[5] In that application, Henderson alleged that he was denied effective assistance of counsel and that his  guilty plea was involuntarily made because it was based on an

---

[1] Judgment on Plea of Guilty or Nolo Contendere, Docket Entry No. 8-7, at 30; Affidavit of Charley Valdez, Docket Entry No. 28-6, at 28.

[2] Indictment, Docket Entry No. 28-7, at 56.

[3] Waiver of Constitutional Rights . . . Admonishments, Docket Entry No. 28-7, at 48-55; Judgment of Conviction by Court - Waiver of Jury Trial, Docket Entry No. 28-7, at 61.

[4] Affidavit of Charley Valdez, Docket Entry No. 28-6, at 28;  Texas Board of Pardons and Paroles, Revocation Hearing Report, Docket Entry No. 28-6, at 38-39, 41.

[5] Application, Docket Entry No. 28-6, at 6-17.

"unkept promise" that he would receive a sentence of "time served."[6]

On October 29, 2013, Henderson filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge his 2012 robbery conviction in Harris County cause number 1286281.[7] Henderson's primary contention is that his guilty plea was induced by an unkept promise and was not voluntarily made.[8]

Noting that the Texas Court of Criminal Appeals had not yet ruled upon Henderson's state habeas corpus application, this Court dismissed this case after concluding that Henderson failed to exhaust available state court remedies before seeking federal review.[9] The Fifth Circuit vacated that decision and remanded this case for further factual development regarding whether exhaustion should be excused because of delay on the state court's part.[10] Two days before the Fifth Circuit issued that decision, the Texas Court of Criminal Appeals dismissed the state application filed by Henderson for lack of jurisdiction on the grounds that the sentence had been

---

[6] *Id.* at 12.

[7] Petition, Docket Entry No. 1.

[8] *Id.* at 6.  Henderson also includes a claim concerning the state court's failure to promptly rule on his state habeas corpus application.  *Id.*  Because Henderson's state habeas application has been adjudicated, that claim is now moot.

[9] Memorandum and Order, Docket Entry No. 17.

[10] *Henderson v. Stephens*, No. 14-20436 (5th Cir. March 23, 2015), Docket Entry No. 25.

discharged.[11]  The respondent now moves for summary judgment, arguing that Henderson's federal petition must be dismissed because was not "in custody" pursuant to the challenged sentence at the time he sought federal review.

## II.  DISCUSSION

Federal habeas corpus statutes give the United States district courts jurisdiction to entertain petitions for habeas corpus relief only from persons who are "*in custody* in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3) (emphasis added).  The United States Supreme Court has held that a petitioner is not "in custody" for purposes of the federal habeas corpus statutes once his sentence has fully expired.  *Maleng v. Cook*, 490 U.S. 488, 492 (1989).

The respondent presents evidence showing that the challenged conviction and sentence in Harris County cause number 1286281 was discharged on January 1, 2013,[12] shortly after Henderson pled guilty on November 28, 2012.  Because the sentence that Henderson seeks to challenge was discharged before he filed his federal petition, this Court lacks subject matter jurisdiction to determine the legality of his conviction in Harris County cause number 1286281 unless Henderson demonstrates that he is subject to a continuing injury or collateral consequence from the challenged

---

[11] Action Taken on Writ No. 48,837-05, Docket Entry No. 28-1, at 1.

[12] Affidavit of Charley Valdez, Docket Entry No. 28-6, at 28.

conviction. *See id.* at 492-93; *see Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

Henderson argues that he has suffered collateral consequences because his 2012 robbery conviction in cause number 1286281 was the basis for his parole revocation in February 2013.[13] The state court record confirms that Henderson's parole in Harris County cause numbers 677968 and 676249 was revoked on February 13, 2013, because of his felony conviction for robbery with bodily injury in cause number 1286281.[14] Because it appears that the challenged conviction caused the revocation of Henderson's parole, he was in custody for purposes of review under 28 U.S.C. § 2254 at the time he filed his petition in this case. *See Brattain v Cockrell*, No. 00-10538, 2001 WL 1692470, at \*2 (5th Cir. 2001); *see also Williams v. Dretke*, No. 05-20303, 2006 WL 707135 (5th Cir. 2006) (per curiam) (concluding that the petitioner was "in custody" where a discharged conviction was the "sole reason" used to revoke his parole).   Accordingly, the respondent's motion for summary judgment will be denied.

---

[13] Response, Docket Entry No. 34, at 10; Affidavit and Exhibits, Docket Entry No. 35, at 5, 14.

[14] Affidavit of Charley Valdez, Docket Entry No. 28-6, at 28;  Texas Board of Pardons and Paroles, Revocation Hearing Report, Docket Entry No. 28-6, at 38-39, 41.

III.   **CONCLUSION AND ORDER**

Accordingly, based on the foregoing, the Court **ORDERS** as follows:

1.     The respondent's motion for summary judgment [Doc. # 27] is

       **DENIED**.

2.     The respondent is directed to file an amended motion for summary

       judgment addressing the merits of the petition within **60 days** from the

       date of this order.  The petitioner will have 30 days to respond.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on September 29, 2015.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE

6