United States District Court
Southern District of Texas
**ENTERED**
April 07, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALFRED HENDERSON, | § | |
| TDCJ #714885, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-3254 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

State inmate Alfred Henderson (TDCJ #714885) has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging a state court conviction. The respondent has filed an amended motion for summary judgment [Doc. # 37], arguing that the petition must be dismissed. Henderson has filed a response. After considering all of the pleadings, the state court records, and the applicable law, the Court **grants** the respondent's amended motion and **dismisses** this case for reasons set forth below.

## I.     BACKGROUND AND PROCEDURAL HISTORY

In 1993, Henderson was convicted of robbery in Harris County cause number

676249 and sentenced to 25 years in prison.[1]  On April 30, 2008, Henderson was released on parole.[2]

While he was on parole, Henderson was arrested on November 21, 2010, and charged with robbery causing bodily injury in Harris County cause number 1286281.[3] The indictment in that case was enhanced for purposes of punishment with allegations that Henderson had at least two prior felony convictions for robbery.[4]  The State also moved to revoke Henderson's parole in cause number 676249.[5]

On September 26, 2011, Henderson was found incompetent and transferred to a state mental health facility in Vernon, Texas, for inpatient treatment.[6]  Henderson returned to the Harris County Jail shortly thereafter on November 7, 2011. Subsequently, his competency was restored.[7]

On November 28, 2012, the State offered to abandon the enhancement

---

[1]     Judgment on Plea of Guilty or Nolo Contendere, Doc. # 8-7, at 30; Affidavit of Charley Valdez, Doc. # 28-6, at 28.

[2]     Certificate of Parole, Doc. # 28-6, at 48-49.

[3]     Indictment, Doc. # 28-7, at 56.

[4]     *Id.*

[5]     Pre-Revocation Warrant, Doc. # 28-6, at 65.

[6]     Order of Initial Commitment for 120 Days Pursuant to Article 46B.073, Doc. # 28-7, at 64.

[7]     Order for Restoration of Competency, Doc. # 28-7, at 63.

paragraphs and to recommend a three-year sentence in cause number 1286281.[8]
Henderson told his attorney, Latrencia Davia, that he would "sign today" if she could
get him a two-year plea deal with credit for all of his time served.[9]  The prosecutor
reportedly agreed and, based on the understanding that he would receive a two-year
sentence with credit for time served, Henderson entered a guilty plea in the 177th
District Court for Harris County, Texas.[10]  The trial court found Henderson guilty as
charged and sentenced him to a two-year term of imprisonment with credit for time
served in the Harris County Jail from the date of Henderson's arrest on November 21,
2010, through the date of the plea on November 28, 2012.[11]  Excluded from that
calculation, however, was the time that Henderson spent in custody of a state mental
health facility from September 26, 2011 through November 7, 2011 (42 days).[12]
Subsequently, Henderson's parole in cause number 676249 was revoked as the result
of his conviction in cause number 1286281.[13]

---

[8]     Affidavit of Alfred Henderson ["Henderson Affidavit"], Doc. # 44, at 1-2.

[9]     *Id.* at 2.

[10]    Waiver of Constitutional Rights . . . Admonishments, Doc. # 28-7, at 48-55; Judgment of Conviction by Court - Waiver of Jury Trial, Doc. # 28-7, at 61.

[11]    Judgment of Conviction by Court - Waiver of Jury Trial, Doc. # 28-7, at 61.

[12]    *Id.*

[13]    Affidavit of Charley Valdez, Doc. # 28-6, at 28;  Texas Board of Pardons and Paroles,
(continued...)

On December 19, 2012, Henderson filed an application for a state writ of habeas corpus to challenge his robbery conviction in cause number 1286281.[14]  In that application, Henderson alleged that he was denied effective assistance of counsel and that his guilty plea was invalid because it was based on an "unkept promise" that he would receive credit for all of his time served.[15]  The state habeas corpus court did not address the merits of Henderson's claim.  Noting that Henderson discharged his sentence in cause number 1286281 on January 1, 2013, the state habeas corpus court found that he was no longer confined and therefore failed to invoke jurisdiction under Article 11.07 of the Texas Code of Criminal Procedure because he did not demonstrate that he was suffering a collateral consequence as a result of the challenged conviction.[16]  Based on these findings, the Texas Court of Criminal Appeals dismissed the application on March 25, 2015.[17]

While his state application was still pending, Henderson filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the validity of his guilty

---

[13](...continued)
Revocation Hearing Report, Doc. # 28-6, at 38-39, 41.

[14]      Application, Docket Entry No. 28-6, at 6-17.

[15]      *Id.* at 12.

[16]      Findings of Fact, Conclusions of Law, and Order, Doc. # 28-7, at 39, 40-41.

[17]      Action Taken on Writ No. 48,837-05, Doc. # 28-1, at 1.

plea in Harris County cause number 1286281.[18]  Henderson claims, as he did in state court, that his guilty plea was invalid because he was denied effective assistance of counsel in connection with his plea.[19]

Initially, this Court granted the respondent's motion to dismiss Henderson's federal petition for lack of exhaustion because he filed it before the state habeas corpus court completed its review.[20]  The Fifth Circuit vacated that decision and remanded the case for further factual development regarding whether exhaustion should be excused because of delay on the state court's part.[21]  By this time, the state habeas corpus court had already found that Henderson's state application was subject to dismissal because his sentence had been discharged.[22]  On remand, the respondent filed a motion for summary judgment, noting that Henderson's sentence was discharged and arguing that the federal petition must be dismissed because he was not "in custody" pursuant to the challenged sentence at the time he sought federal

---

[18]     Petition, Doc. # 1.

[19]     *Id.* at 6.

[20]     *See* Memorandum and Order, Doc. # 17.

[21]     *See Henderson v. Stephens*, No. 14-20436 (5th Cir. March 23, 2015), Doc. # 25.

[22]     Action Taken on Writ No. 48,837-05, Doc. # 28-1, at 1.

review.[23]  The Court found that Henderson's parole revocation constituted a collateral consequence of his conviction in cause number 12862810 and denied the respondent's motion.[24]

The respondent has now filed an amended motion for summary judgment.[25] The respondent argues that the petition should be dismissed because Henderson's claims do not merit relief under 28 U.S.C. § 2254(d).[26]

## II.   **DISCUSSION**

### A.   **Standard of Review**

The respondent contends that Henderson is not entitled to relief because the state court's decision to deny relief was reasonable.[27]  The respondent's argument, which is premised on the standard of review found in the Antiterrorism and Effective

---

[23]     *See* Respondent's Motion for Summary Judgment with Brief in Support, Doc. # 27.

[24]     *See* Memorandum and Order, Doc. # 36, at 5 (citing *Brattain v Cockrell*, No. 00-10538, 2001 WL 1692470, at *2 (5th Cir. 2001); *Williams v. Dretke*, No. 05-20303, 2006 WL 707135 (5th Cir. 2006) (per curiam) (concluding that the petitioner was "in custody" where a discharged conviction was the "sole reason" used to revoke his parole)).

[25]     *See* Respondent's Amended Motion for Summary Judgment with Brief in Support, Doc. # 37.

[26]     The respondent also raises an exhaustion argument that is unrelated to the merits of the petition.  Because Henderson's underlying claim is without merit, the Court does not reach the respondent's argument on exhaustion.

[27]     *See* Respondent's Amended Motion for Summary Judgment with Brief in Support, Doc. # 37, at 9-10, 11.

Death Penalty Act (the "AEDPA"), 28 U.S.C. § 2254(d), is misplaced.  By its express terms, the deferential standard of review found in the AEDPA applies only where a claim has been "adjudicated on the merits" in state court.[28]  An adjudication on the merits occurs when the state court resolves the case on substantive grounds, rather than procedural grounds.  *Valdez v. Cockrell*, 274 F.3d 941, 946-47 (5th Cir. 2001) (citations omitted).  In Henderson's case, the state court dismissed his habeas corpus application on procedural grounds.  *See Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (explaining that "dismissal" of a habeas corpus application means that the state court "declined to consider the claim for reasons unrelated to the claim's merits").  Because the state habeas corpus court did not resolve Henderson's application on substantive grounds, there was no adjudication on the merits and the AEDPA does not apply.  *See Miller v. Johnson*, 200 F.3d 274, 281 n. 4 (5th Cir. 2000) ("Review is *de novo* when there has been no clear adjudication on the merits.") (citation omitted).

---

[28]    Under AEDPA, a federal court may not grant habeas relief on a claim that was adjudicated on the merits in a state court proceeding unless the adjudication of the claim (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

### B.    Henderson's Guilty Plea

Henderson seeks relief from the guilty plea that he entered in exchange for a two-year sentence.  "A guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently."  *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000).  In that respect, "[a] voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked."  *Mabry v. Johnson*, 467 U.S. 504, 508 (1984).

Henderson contends that his guilty plea was not voluntary because it was induced by a misunderstanding about his sentence.  In particular, Henderson insists that he was told that he would receive a two-year sentence with credit for *all* of his time served.  Henderson received credit for all of the time he spent in pretrial confinement at the Harris County Jail.[29]  As noted above, however, Henderson did not receive credit for the time that he spent confined in a state mental hospital.[30]  Henderson faults his defense counsel for failing to advise him that the time he spent in a state mental hospital would not count as time served.  Therefore, Henderson claims that his guilty plea was tainted by ineffective assistance of counsel.

Henderson's claim fails because, even assuming that his defense counsel's

---

[29]    Judgment of Conviction by Court - Waiver of Jury Trial, Doc. # 28-7, at 61.

[30]    *Id.*

advice was incomplete, he does not establish that he was denied effective assistance of counsel in connection with his guilty plea.  To prevail on such a claim, a defendant must demonstrate both constitutionally deficient performance by counsel and actual prejudice as a result of the alleged deficiency.  *Strickland v. Washington*, 466 U.S. 668, 686 (1984).  To establish actual prejudice in this context, a defendant must show that, but for his counsel's deficient performance, he would not have pleaded guilty and would have insisted on going to trial.  *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Assuming that his defense counsel was deficient, Henderson does not establish the requisite actual prejudice.  Under the robbery indictment lodged against him in cause number 1286281, which was enhanced for purposes of punishment with allegations that Hill had at least two other prior felony convictions for robbery, Hill faced a potential sentence of 25 years to life imprisonment.  *See* TEX. PENAL CODE § 12.42(d).  In light of the lengthy sentence that he faced if convicted of the charged offense, Henderson does not establish a reasonable probability that he would have rejected the two-year plea agreement if he had known that he would not get credit for the 42 days he spent in a state mental health facility.  This is fatal to Henderson's claim.  Accordingly, the respondent's amended motion for summary judgment will be granted and the petition will be dismissed.

## III.   CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.  A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898

(5th Cir. 2000).  After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find the assessment of the constitutional claims debatable or wrong.  Because the petitioner does not otherwise allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV.    CONCLUSION AND ORDER

Accordingly, based on the foregoing, the Court **ORDERS** as follows:

1.      The respondent's motion for summary judgment [Doc. # 37] is **GRANTED**.

2.      The federal habeas corpus petition filed by Alfred Henderson [Doc. # 1] is **DENIED** and this case is **DISMISSED with prejudice**.

3.      A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on __April 7_____, 2016.


NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE